UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY EDWARDS, INDIVIDUALLY;
MALCOLM FORTUNE, INDIVIDUALLY;
AND GLENDALE KENNEDY, INDIVIDUALLY         PLAINTIFFS

VS.                                CAUSE NO. 3:20-cv-671-CWR-FKB

HANSEN & ADKINS AUTO TRANSPORT, INDIVIDUALLY;
HANSEN AUTO TRANSPORT, INC., INDIVIDUALLY;
STEVE BEATTIE, INDIVIDUALLY;
AARON LANE, INDIVIDUALLY;
AND JOHN DOES 1-3                           DEFENDANTS

---

**NOTICE OF REMOVAL**

---

TO:   Don H. Evans, Esq.
      DON EVANS LAW FIRM
      500 E. Capitol Street, Suite 2
      Jackson, Mississippi 39201-3302
      *ATTORNEY FOR PLAINTIFFS*

      Anita Wray, Clerk
      Madison County Circuit Court
      P.O. Box 1626
      Canton, Mississippi 39046
      *MADISON COUNTY CIRCUIT CLERK*

Pursuant to 28 U.S.C.A. §§ 1332(a), 1441, and 1446, Steve Beattie ("Beattie" or "Defendant"), Aaron Lane ("Lane" or "Defendant"), and Hansen & Adkins Auto Transport, Inc. ("Hansen" or "Defendant") incorrectly named as "Hansen & Adkins Auto Transport" and as successor in interest to "Hansen Auto Transport, Inc."[1] give their Notice of the Removal of this civil action from the Circuit Court of Madison County, Mississippi, to the United States District

---

[1] On or about January 29, 2014, "Hansen Auto Transport, Inc." amended its name to "Hansen & Adkins Auto Transport, Inc.". Hansen & Adkins Auto Transport, Inc. remains as the surviving successor entity. A true and correct copy of the Certificate of Amendment of Articles of Incorporation of Hansen Auto Transport, Inc., filed with the Secretary of State of the state of California is attached hereto and incorporated by reference as if set forth fully herein as **"Exhibit A"**.

1

Court for the Southern District of Mississippi, Northern Division. In support of this removal, Defendants respectfully submit as follows:

## STATEMENT OF THE CASE

1. The Plaintiffs filed their Complaint on or about June 5, 2020 in the Circuit Court of Madison County, Mississippi ("the State Court Action"). The Complaint was docketed in that court and styled as "*Jeffrey Edwards, et al. vs. Hansen & Adkins Auto Transport, et al.*; In the Circuit Court of Madison County, Mississippi; Cause No. 45CI1:20-cv-00119-JE". A true and correct copy of the Complaint is attached hereto as ***Exhibit B*** - Complaint.

2. The Plaintiffs' Complaint in the above-entitled cause is of a civil nature and seeks to recover damages alleged to have been suffered, as a result of the Defendants' alleged negligence. *See* ***Exhibit B -*** Complaint at *¶ 11-15.*

3. The United States District Court for the Southern District of Mississippi, Northern Division, embraces the county in which the State Court Action is now pending. Therefore, removal is proper to this Court pursuant to 28 U.S.C. §§ 104(b)(1) and 1441(a).

4. As set forth below, this Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441, because there is complete diversity of citizenship between Plaintiffs and Defendants, as Mississippi resident Steve Beattie was fraudulently joined, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FRAUDULENT JOINDER OF DEFENDANT STEVE BEATTIE

5. Defendant Beattie is an adult resident citizen of Madison County, Mississippi. *See* ***Exhibit B -*** Complaint at *¶ 6.* However, the citizenship of Beattie should be disregarded for purposes of determining diversity jurisdiction, because he has been improperly joined as a

Defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995) (improperly joined defendants "must be ignored for purposes of diversity jurisdiction").

6. Improper joinder exists when: "(1) there has been fraud in the pleading of jurisdictional facts; (2) there is no possibility that the Plaintiffs would be able to establish a cause of action against the non-diverse defendant in state court; or (3) that the facts asserted with respect to the non-diverse defendant are so clearly false as to reflect that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992).

7. Plaintiffs must therefore provide a "reasonable basis on which Plaintiffs would be able to establish a cause of action against the [non-diverse defendants] in state court." *Randle v. Smithkline Beecham Corp.*, 338 F.Supp.2d 704, 707 (S.D. Miss. 2004). A hypothetical possibility of recovery against a non-diverse defendant in state court is not sufficient. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

8. When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 637 (S.D. Miss. 2002); *See e.g. Cavallini,* 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992).

9. None of the facts pled against Beattie create a cause of action, nor can Plaintiffs make any plausible claim for relief against Beattie. It is well-established that "in circumstances where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by [or on

behalf of] the principal." *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518, 521 (S.D.Miss.1992) (citing *Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193 (S.D.Miss.1989)).

10. At all times relevant to this cause of action Beattie was an employee with Hansen & Adkins Auto Transport, Inc. as the terminal manager at its Madison, Mississippi terminal. A true and correct copy of the Affidavit of Steve Beattie is attached hereto as **Exhibit C** - Affidavit of Steve Beattie and incorporated by reference as if set forth fully herein.

11. The Complaint alleges Beattie failed to inspect the load to ensure it was properly tied down and properly secure, failed to instruct the driver, negligently supervised the driver, negligently entrusted the vehicle to the driver, *inter alia*. See **Exhibit B** - Complaint at ¶ 22**.**

12. A cursory review of Beattie's affidavit indicates none of the allegations in Plaintiffs' Complaint were part of Beattie's job duties or responsibilities. Beattie's job duties as a terminal manager for Hansen & Adkins Auto Transport, Inc. included coordinating freight, verifying and reviewing paperwork such as bills of lading and hours of service reports, assigning responsibilities to supervisors and employees, communicating with customers to provide updates and to resolve issues, and assisting in coordinating maintenance/mechanical activities for the terminal. *See* **Exhibit C** - Affidavit of Steve Beattie at ¶ 6**.**

13. The load in question as referenced in the State Court Action was not loaded at the Hansen & Adkins Auto Transport, Inc. terminal at 326 Distribution Drive, Suite F, Madison, MS 39110. *See* **Exhibit C** - Affidavit of Steve Beattie at ¶ 11**.**

14. Moreover, Beattie did not inspect, tie down, instruct, or manage driver Lane with regard to the load in question as referenced in the State Court Action, and Lane was based out of and managed out of the terminal located in Vance, Alabama. *See* **Exhibit C** - Affidavit of Steve Beattie at ¶ 13-14**.**

15. Lane corroborates the sworn testimony of Beattie. A true and correct copy of the Affidavit of Aaron Lane is attached hereto as **Exhibit D** - Affidavit of Aaron Lane and incorporated by reference as if set forth fully herein.

16. Specifically, Lane states that the load in question as referenced in the State Court Action was not loaded at the Hansen & Adkins Auto Transport, Inc. terminal at 326 Distribution Drive, Suite F, Madison, MS 39110 where Beattie worked. *See* **Exhibit D** - Affidavit of Aaron Lane at ¶ 8.

17. Lane also confirms that Beattie had no involvement in the load in question as referenced in the State Court Action. *See* **Exhibit D** - Affidavit of Aaron Lane at ¶ 9.

18. Based on the allegations of the Plaintiffs' Complaint and the Affidavits of both Beattie and Lane, the Plaintiffs cannot establish a cause of action against Beattie, as he was fraudulently joined to defeat diversity jurisdiction in this matter. Therefore, Beattie should be disregarded for purposes of determining diversity jurisdiction.

## DIVERSITY JURISDICTION

19. Citizenship of the parties is determined as of the time the Complaint is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

20. According to the Plaintiffs' Complaint, Plaintiffs are all resident citizens of Leake County, Mississippi. *See* **Exhibit B** - Complaint at *¶ 1-3*.

21. As stated above, Beattie is a fraudulently joined, adult resident citizen of Madison County, Mississippi who should be disregarded for purposes of diversity jurisdiction.

22. Lane is adult resident citizen of the state of Texas.

23. Hansen maintains its principal place of business in the state of California and is incorporated in the state of California. Therefore, Hansen is a corporate citizen of California for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

24. Because Plaintiffs and Defendants are citizens of different States, in accordance with 28 U.S.C. §1332, there is complete diversity of citizenship between the Plaintiffs and the Defendants.

## AMOUNT IN CONTROVERSY

25. The Plaintiffs' Complaint seeks damages arising out of a July 31, 2017 motor vehicle incident which allegedly resulted in injuries to Plaintiffs.

26. Plaintiff Edwards alleges he suffered injuries to his left side and back along with injury to his skeletal system, muscular system, and nervous system. *See **Exhibit B** -* Complaint at *¶ 12.*

27. Plaintiff Fortune alleges he suffered injuries to his head, forehead, neck, back, left shoulder and aggravated a prior right knee injury along with injury to his skeletal system, muscular system, and nervous system. *See **Exhibit B** -* Complaint at *¶ 13.*

28. Plaintiff Kennedy alleges he suffered injuries to his lower back and numbing in both legs, along with injury to his skeletal system, muscular system, and nervous system. *See **Exhibit B** -* Complaint at *¶ 14.*

29. While the Plaintiffs' Complaint does not allege a specific dollar amount of damages, the Plaintiffs seek recovery of damages for past and future physical injuries, past and future pain, suffering and mental anguish, past and future medical bills and expenses, lost earnings, lost wages, the deductible lost from property damage, diminished value and use of

vehicle, travel expenses and other damages to be proven at trial. *See* **Exhibit B -** Complaint at ¶ 26.

30. The Plaintiffs also seek recovery of future damages, including future medical expenses, future pain, suffering and mental anguish, future lost earnings, permanent physical impairment, permanent disfigurement, future travel expenses, property damage, loss of use of vehicle, and other damages. *See* **Exhibit B -** Complaint at ¶ 26.

31. "Common sense" dictates the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Plaintiffs do not specify an amount of damages in the Complaint. However, it is facially apparent that the amount in controversy exceeds $75,000.00. See, e.g., *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th 1996).

32. "The *Allen* court held that when plaintiffs do not plead a specific amount of damages, applying 'common sense' can make it 'facially apparent' plaintiffs seek more than $75,000." *Randle v. SmithKline Beecham Corp.*, 338 F. Supp.2d 704, 709 (S.D. Miss. 2004).

33. "Under § 1446, 'a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Estate of Montgomery v. Caregivers Servs., L.L.C.*, 2019 WL 206099, at *2 (S.D. Miss. Jan. 15, 2019) *(quoting Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).

34. Using the "common sense" test, it is facially apparent from the Plaintiffs' Complaint that the Plaintiffs' claims exceed the jurisdictional amount of $75,000.00. In particular, the Plaintiff demands an unspecified amount of both attorney's fees and punitive damages.

35. The Plaintiffs also assert an unspecified amount of punitive damages from each Defendant. *See* **Exhibit B -** Complaint at ¶ 27.

7

36. It is well-settled that claims for punitive damages are included in the calculation of the amount in controversy. *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 428–29 (N.D.Miss.1998).

37. Federal courts in Mississippi "have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Id*. See also, *Sun Life Assur. Co. of Canada (U.S.) v. Fairley,* 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007)("an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum."); *Tubre v. Southern,* 2015 WL 13402817, at *2 (S.D. Miss. 2015)(same); *Adams v. Royal Neighborhood of Am.,* 2014 WL 11444150, at *2 (S.D. Miss. 2014)(same); *Montgomery v. First Family Fin. Servs., Inc.,* 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002)(same); *Farris v. Bevard,* 2015 WL 3885501, at *2 (S.D. Miss. 2015)(same); *Parker v. CitiMortgage, Inc.,* 2015 WL 2405168, at *2 n.3 (S.D. Miss. 2015)(same); *Credit Acceptance Corp. v. Fortenberry,* 2012 WL 3095296, at *2 (S.D. Miss. 2012); *Colony Ins. Co. v. Ropers of Hattiesburg, LLC,* 2011 WL 1226095, at *3 (S.D. Miss. 2011)(same); *Haney v. Cont'l Cas. Co.,* 2008 WL 5111021, at *1 (S.D. Miss. 2008)(same).

38. In order to show that the jurisdictional amount has not been met, Plaintiff must show with legal certainty that the recovery will not exceed the amount stated in the complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 1410 (5th Cir.1995). Then, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.283, at 289).

39. Pursuant to the provisions of Title 28 U.S.C. §1441 et seq., this civil action is removable by the Defendant.

**TIMELINESS OF REMOVAL AND OTHER PROCEDURAL REQUIREMENTS**

40. The Complaint was filed on or about June 5, 2020. Defendant Beattie was purportedly served with process on or about September 24, 2020. Defendants Lane and Hansen were purportedly served with process on or about October 1, 2020.

41. This Notice of Removal, therefore, is timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days after the receipt of the initial pleading by Defendant from which Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. §1446(b).

42. In accordance with 28 U.S.C. § 1447(b) and L.U.Civ.R. 5(b), Defendant will submit a copy of the state court pleadings herewith no later than fourteen (14) days from the date of removal.

43. Contemporaneously with the filing of this Notice of Removal, Defendants are filing a copy of the same with the Clerk of the Circuit Court of Madison County, Mississippi, in accordance with 28 U.S.C. § 1446(d). Additionally, written notice of the removal is being given to all parties. *Id.*

WHEREFORE, Defendants Steve Beattie, Aaron Lane, and Hansen & Adkins Auto Transport, Inc. respectfully request that this Court proceed with the handling of this case as if it had been originally filed herein. Defendants also respectfully request such other relief as this Court deems just and proper in the premises.

THIS the 19th day of October, 2020.

        Respectfully submitted,

        STEVE BEATTIE,
        AARON LANE, AND
        HANSEN & ADKINS AUTO TRANSPORT, INC.

        By Their Attorneys

        DunbarMonroe, PLLC

        */s/ David C. Dunbar*
        David C. Dunbar
        Matthew E. Rutherford

*OF COUNSEL:*

David C. Dunbar (MSB #6227)
Matthew E. Rutherford (MSB #104569)
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, MS 39157
Telephone: (601) 898- 2073
Facsimile: (601) 898-2074
Email:  *dcdunbar@dunbarmonroe.com*
        *mrutherford@dunbarmonroe.com*

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Defendants, Steve Beattie, Aaron Lane, and Hansen & Adkins Auto Transport, Inc., hereby certify that I have this day filed the above and foregoing *Notice of Removal* via ECF and upon the filing of same a true and correct copy was then filed via MEC which sent notification to the following interested parties:

Don H. Evans, Esq.
DON EVANS LAW FIRM
500 E. Capitol Street, Suite 2
Jackson, Mississippi 39201-3302
*ATTORNEY FOR PLAINTIFFS*

Anita Wray, Clerk
Madison County Circuit Court
P.O. Box 1626
Canton, Mississippi 39046
*MADISON COUNTY CIRCUIT CLERK*

THIS the 19th day of October, 2020.

                                                 */s/ David C. Dunbar*
                                                David C. Dunbar
                                                Matthew E. Rutherford